T.C. Memo. 1996-356


UNITED STATES TAX COURT


PAUL M. KIRIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9082-88.                    Filed August 6, 1996.


<u>Larry Kars</u>, for petitioner.

<u>Cheryl B. Harris</u>, for respondent.


MEMORANDUM OPINION

WRIGHT, <u>Judge</u>:  This matter is before the Court on respondent's motion for entry of decision in accordance with a stipulation of settlement (the stipulation) filed October 11, 1994.  We must decide whether the subject decision properly reflects petitioner's entitlement to an investment tax credit.

Background

Petitioner resided in Novi, Michigan, when he filed the petition.  This case is part of respondent's tax shelter litigation project entitled "Scheer".  The Scheer litigation project involves a partnership organized to purchase and market video tapes.  By notice of deficiency dated February 18, 1988, respondent determined deficiencies in, additions to, and increased interest on petitioner's Federal income tax as follows:[1]

Additions to Tax and Increased Interest

| Year | Deficiency | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6659 | Sec. 6621(c) | Sec. 6661 |
|---|---|---|---|---|---|---|
| 1981 | $ 6,435 | $322 | [1] | $1,844 | [2] | --- |
| 1982 | 11,245 | 562 | [1] | 2,885 | [2] | $407 |

1 50% of the interest due on the deficiency.
2 120% of the interest payable under sec. 6601.

In the stipulation, petitioner agreed to be bound by the test case entitled Pinto v. Commissioner, docket No. 17407-86.  This Court entered a decision in the Pinto case on January 18, 1995.  The stipulation provides:

> With respect to all adjustments in respondent's notice of deficiency relating to the Scheer Project tax shelter, more specifically, the limited partnership entitled Richard II, Ltd., the parties stipulate to the following terms of settlement:
>
> 1.  THE ABOVE ADJUSTMENTS ARE THE ONLY ISSUES IN THIS CASE WITH RESPECT TO ALL PARTIES;

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect during the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

2.  The above adjustments, as specified in the preamble, shall be redetermined by application of the same formula as that which resolved the same tax shelter adjustments with respect to the following taxpayers:

          Names:  Melvin and Barbara Pinto
          Tax Court Docket No.:  17407-86

          (hereafter the CONTROLLING CASE)

3.  All issues involving the above adjustments shall be resolved as if the petitioners in this case were the same as the taxpayers in the CONTROLLING CASE;

                    * * *

5.  A decision shall be submitted in this case when the decision in the CONTROLLING CASE (whether litigated or settled) becomes final under I.R.C. § 7481;

                    * * *

The parties agree to this STIPULATION OF SETTLEMENT.

Respondent filed a motion for entry of decision with this Court on October 24, 1995.  Attached as an exhibit to said motion was a decision document (the Document) that respondent claims to be in accordance with the stipulation.  By Order dated November 7, 1995, the Court directed petitioner to show cause why respondent's above-referenced motion should not be granted.  Petitioner filed his response on December 15, 1995.  He contends that the notice of deficiency fails to account properly for an investment tax credit.

By Order dated April 16, 1996, the Court directed respondent to address petitioner's above-referenced response.  On June 10,

1996, respondent filed her response.  Respondent contends that her calculations account for the investment tax credit sought by petitioner.

Discussion

Petitioner argues that the decision document prepared by respondent fails properly to reflect an investment tax credit. Respondent has satisfied the Court, however, that the decision document properly reflects the particular adjustment sought by petitioner.  In light of petitioner's scant response to respondent's motion for entry of decision, we agree with respondent.  The record indicates that respondent provided petitioner with two proposed decision documents.  Respondent concedes that the first of these decision documents failed to account for the credit sought by petitioner.  The record indicates, however, that the second decision document properly accounts for the subject credit.

Respondent requests that the Court impose against petitioner and his counsel a penalty pursuant to section 6673(a)(1) and (2). In support of this request, respondent contends that petitioner advanced arguments primarily for the purpose of delaying entry of decision.  In the exercise of our discretion, we shall not grant respondent's request.

To reflect the foregoing,

An appropriate order will be issued granting respondent's motion for entry of decision, and decision will be entered accordingly.